O’Neall, J.,
delivered the opinion of the Court.
That the defendant used the crop, which the deceased left at his death, is enough to fix her with the character of executrix de son tort, and fully justifies the circuit decree. For she had no pretence of title whatever to it. The deed to her and her children bears date the 18th of March: and after enumerating certain property, says, “finally all my goods and chattels which I am now in possession of, with the exception,” &e.; the crop was raised subsequent to the 18th March, it was then, probably, not even planted — it cannot, therefore, be regarded as any part of the goods and chattels of which Dinkins was in possession on the day of the date of the deed. But the defendant as a donee in possession was properly chargeable as executrix de son tort. The deed to her and her children purported on its face to be in consideration of natural love and affection: it is of the donor’s whole estate. For *331 it appeared that the reservation mentioned in the deed, to pay Ms debts, was worthless. He had no land ; and the accounts alluded to were not shown to be of any value. Under such circumstances, it cannot be doubted that the deed is at law fraudulent and void, as against existing creditors. The deceased, at bis death, was in actual possession of the property. For after bis death, the very property now in dispute was by the defendant produced to Mr. Debruhl, who was about to administer, as Dinkins’ property. All the witnesses said he was at all times in possession of it. This, added to the fact of the voluntary character of the deed, made it covinous in every sense. The donee’s possession commencing subsequent to the intestate’s death, under a title void against the creditors, makes her chargeable as executrix de son tort. This will be made plain in this way. To charge her as such, it is only necessary to show her possession and use of the goods of the deceased. This is done prima facie, tbat be died in possession, and that she came to the possession after bis death. To answer and rebut this she must show a legal title to the property or possession; this cannot be done by the deed as against a creditor, for as to him it is void, and hence she is left as a wrongful possessor, and must be so charged. This view is fully sustained by Bethel vs. Stanhope, Cro. Eliz. 810. Hawes vs. Leader, Cro. Jac. 271. Edwards vs. Harben, 2 T. R. 587. If this view was not the true one, a creditor would at law be without remedy. For if be administered, be would be regarded as standing in the place of bis intestate, and then he could not dispute the donee’s title. For no matter bow fraudulent it might be against a creditor, yet it would bind the donor, and consequently his administrator, as was fully decided in Crosby vs. Shelton, Spring Term of the Court of Appeals, 1830; and Chappell vs. Brown, 1 Bail. 528. If be procured another to administer, and be suffered a recovery against him as administrator, the plaintiff’s execution could not be levied on this property, for the administrator could not recover it from the donee, and hence it would not be liable, as assets, in the administrator’s bands, to the execution. Anderson vs. Belcher, 1 Hill, 246.
The motion is dismissed.